J-S72035-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT JOHN PEOPLES, JR., | : | |
| | : | |
| Appellant | : | No. 376 MDA 2016 |

Appeal from the Judgment of Sentence February 9, 2005
in the Court of Common Pleas of Lackawanna County
Criminal Division, at No(s): CP-35-CR-0000337-2004
CP-35-CR-0000338-2004

BEFORE:    GANTMAN, P.J., DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED DECEMBER 23, 2016**

Robert John Peoples, Jr. (Appellant) appeals *nunc pro tunc* from the judgment of sentence entered following his guilty pleas to crimes related to his dissemination of child pornography.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We deny counsel's petition to withdraw and remand for further proceedings consistent with this memorandum.

> The record reflects that on July 14, 2004, pursuant to a plea agreement, Appellant pled guilty to eight counts of sexual abuse of children, eight counts of attempted sexual abuse of children, and two counts of criminal use of a communication facility [(CUCF)].  On February 9, 2005, the trial court sentenced Appellant to an aggregate term of 176 to 424 months in prison. Appellant filed a timely petition for reconsideration of sentence,

---

* Retired Senior Judge assigned to the Superior Court.

which was denied on February 15, 2005. Appellant did not file a direct appeal.

On February 9, 2006, Appellant filed a *pro se* [Post Conviction Relief Act (PCRA)] petition in which he asserted that his guilty plea was unlawfully induced because of ineffective assistance from plea counsel. Appellant asserted in his petition that he was promised that his maximum prison sentence would be seven years. On March 31, 2006, the PCRA court appointed Attorney Carl Poveromo to represent Appellant in the PCRA proceedings. Attorney Poveromo did not file an amended PCRA petition. The PCRA court scheduled a hearing on Appellant's petition for December 5, 2006, via video conference. On November 17, 2006, Appellant filed a motion for appointment of new counsel. On November 29th, Attorney Poveromo filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On November 30, 2006, the PCRA court granted counsel's motion to withdraw. Following the hearing on December 5, 2006, the court denied Appellant's PCRA petition.

**Commonwealth v. Peoples**, 953 A.2d 604 (Pa. Super. 2008) (unpublished

memorandum at 1-2).

On appeal from the denial of Appellant's PCRA petition, this Court

reversed the PCRA court's order and remanded with instructions:

We remand for the appointment of new counsel and direct the PCRA court to supplement the record to include the notes of testimony from Appellant's oral guilty plea colloquy, Appellant's sentencing hearing, and Appellant's December 5, 2006 PCRA hearing.[1] If the oral guilty plea colloquy was not transcribed, we direct the court to conduct a hearing in compliance with Pa.R.A.P. 1926. If the other proceedings indicated above were not transcribed, then we direct the PCRA court to indicate as such in the certified record. After appointed counsel has had the opportunity to thoroughly review the entire record, he or she is

---

[1] The record reflects that the transcript of the December 5, 2006 PCRA hearing had been filed on December 7, 2007.

- 2 -

> to file either an amended PCRA petition on Appellant's behalf or a motion to withdraw pursuant to **Turner**/**Finley**.

*Id.* (unpublished memorandum at 7).

Upon remand, the PCRA court appointed new counsel. Over the next five years Appellant sent several *pro se* documents to the PCRA court, but the record does not reflect that any action was taken upon Appellant's motions. Finally, on March 7, 2013, the PCRA court scheduled a hearing, and eventually, on August 18, 2014, "a status hearing was held regarding Appellant's PCRA [petition] and the efforts made to obtain copies of the transcripts from Appellant's guilty plea colloquy and sentencing."[2] PCRA Court Opinion, 5/2/2016, at 7 (unnecessary capitalization omitted).

Counsel filed an amended PCRA petition on September 29, 2014. Nearly ten months later, on June 18, 2015, the Commonwealth filed a petition for writ of *habeas corpus ad prosequendum*, and the PCRA court that same day entered an order scheduling a hearing. The hearing was held on July 7, 2015. Seven months later, the PCRA court entered an order reinstating Appellant's direct appeal rights. Appellant timely filed his *nunc*

---

[2] At some point in 2014, Appellant *pro se* filed a *habeas corpus* petition in the United States District Court for the Middle District of Pennsylvania. The federal court noted that "the prolonged delay in disposition of [Appellant's] PCRA action is a matter of concern" and that Appellant's argument of inordinate delay to excuse his failure to exhaust state remedies had arguable merit given the then-more-than-seven-year delay, but it ultimately dismissed the action for failure to exhaust his state court remedies. **Peoples v. Mooney**, No. 4:CV-14-487, 2015 WL 3751702, at *3 and n.4 (M.D. Pa. June 16, 2015).

*pro tunc* notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

In this Court, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of ***Anders***, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with ***Anders*** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has clarified portions of the ***Anders*** procedure:

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a

- 4 -

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Based upon our examination of counsel's petition to withdraw and *Anders* brief, we conclude that counsel has substantially complied[3] with the technical requirements set forth above.[4] Therefore, we now have the responsibility "'to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly

_____

[3] Counsel's initial efforts were not compliant in that he misinformed Appellant regarding his right to respond. However, this Court remedied the situation by advising Appellant of his rights and granting him an extension of time to respond. Order, 6/13/2016.

[4] Appellant has filed a *pro se* response to counsel's motion and brief along with several applications for leave to supplement and/or amend the response, as well as a motion to stay the appeal and proceed *pro se*. The gist of Appellant's complaints in all of these filings is that counsel has not pursued Appellant's PCRA claims in this appeal.

What Appellant fails to appreciate is that this is his *nunc pro tunc* direct appeal, not an appeal from the disposition of his PCRA petition. It is not until his judgment of sentence becomes final at the conclusion of this direct review that Appellant may seek PCRA relief based upon those claims. *See Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015) ("Once the PCRA court granted [Harris] the right to seek further review *nunc pro tunc*, [his] sentence was no longer final and the PCRA court lacked jurisdiction to rule on [his] other requests for relief. Accordingly, until [Harris's] judgment of sentence becomes final … we lack jurisdiction to consider the merits of [his] remaining ineffective assistance of counsel claims.") (citations omitted). Accordingly, we deny all of Appellant's motions.

- 5 -

frivolous.'" ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249 (Pa. Super.

2015) (quoting ***Santiago***, 978 A.2d at 354 n. 5).

In his ***Anders*** brief, counsel offers the following issues of arguable

merit, which we have reordered for ease of disposition:

1.  Did the trial court abuse its discretion in not honoring the plea agreement that the sentence imposed would not exceed seven (7) years?

2.  Did the trial court abuse its discretion in not merging the charges of criminal attempt, [CUCF], dissemination of child pornography and criminal attempt to disseminate child pornography?

***Anders*** Brief at 4 (unnecessary capitalization, trial court answers, and

suggested answers omitted).

We begin with Appellant's claim that the trial court did not sentence

him in accordance with the plea agreement.

> In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement. Such a determination is made based on the totality of the surrounding circumstances, and [a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth].

***Commonwealth v. Hainesworth***, 2013 PA Super 318, 82 A.3d 444, 447

(2013) (citations and quotation marks omitted).

The trial court offered the following analysis of Appellant's claim by

looking to the written record.

> In this matter, Appellant alleges that there was a plea agreement as to the maximum sentence he would receive. However, no evidence of an agreement with those terms can be

- 6 -

found in the record. The Commonwealth contends that it made no such agreement. The written guilty plea colloquy states the following regarding plea agreements:

> 13. State specifically in detail any plea agreement with the District Attorney. Plead guilty to 18 counts, remainder to be *nolle prossed*.

> * * *

> Moreover, the written plea colloquy initialed on each page and signed by Appellant stated the following regarding his potential sentence:

> 15. Do you understand that the maximum penalty to the charges you are pleading guilty to is: 7 yrs [$] 15,000

> 15a. If you are pleading guilty to more than one charge, do you understand that the judge may impose consecutive sentences? Yes

> If your answer to the preceding question is yes, state the total sentence that may be imposed on you. 126 years – [$] 270,000

As such, Appellant's contention that he had an agreement regarding a maximum sentence is unsupported by the record. The plea colloquy which Appellant signed and initialed clearly states that Appellant faced a maximum sentence of one hundred twenty-six years and the section regarding plea agreements with the Commonwealth contained no reference to a maximum sentence.

Trial Court Opinion, 5/2/2016, at 15-16 (some footnotes, citations, and unnecessary capitalization omitted). The trial court also considered the testimony of Appellant and plea counsel.

> On July 7, 2015, th[e trial] court held a hearing to supplement the record under [Pa.R.A.P.] 1926, due to the unavailability of the notes of testimony from Appellant's guilty

plea colloquy and sentencing.[1]   At the hearing, both the Appellant and his attorney at the time of the plea, John Petorak, gave testimony regarding their understanding of the plea agreement.

_____

[1]  Th[e trial c]ourt attempted to supplement the record with the transcripts from Appellant's guilty plea colloquy and sentencing as directed by the Superior Court.  After attempts to locate the transcripts were unsuccessful, the head court reporter indicated in a letter to the court that the transcripts were not recoverable.  As such, the court scheduled and held the hearing to supplement the record on July 7, 2015.

Appellant essentially testified that he believed that the plea agreement consisted of two parts.  Appellant stated that he agreed to waive his preliminary hearing and that he would plead to 18 charges and the remaining charges would be withdrawn.  Appellant further stated that he understood that he would be entering a guilty plea to four counts of disseminating child pornography, four counts of possession of child pornography, two counts of [CUCF], and eight criminal attempt[s], and the remaining charges would be withdrawn.  Appellant testified that based on the written plea colloquy, which he signed and/or initialed on each page, he believed that the maximum he would receive was seven [] years.[5]

* * *

[Attorney] Petorak, testified that he had no knowledge of such an agreement, and that if he had such an agreement with the Commonwealth that was not honored by the court, he would have withdrawn the guilty plea.  Attorney Petorak then again clarified that the only plea agreement he made with the Commonwealth was that Appellant would plead guilty to 18 combined counts on both dockets and the remaining charges would be withdrawn.

* * *

_____

[5]  The trial court also noted that "Appellant further testified that no conversation regarding a maximum sentence took place on the record." Trial Court Opinion, 5/2/2016, at 16.

Attorney Petorak testified that when filling out the plea colloquy, specifically [paragraph] 13, he did not indicate that there was any sentence agreement with this District Attorney's Office. He further testified that if such agreement would have existed, he would have indicated as such in that section. Attorney Petorak stated that he went over the written plea colloquy with the Appellant and explained that each count carries\d a potential of seven years and $15,000.00 and that the maximum sentence that could be imposed was 126 years and $270,000.00 because the judge could impose consecutive sentences. Attorney Petorak stated that the reason the written plea colloquy had seven [] years and $15,000.00 was because all of the offenses were graded the same, each were felonies of the third degree. After reviewing the plea colloquy with the Appellant and the Appellant initialing each page and signing the agreement, Attorney Petorak believed that Appellant understood the terms of the agreement.

* * *

Therefore, based upon the testimony of the hearing to supplement the record and the documents in the record, no agreement as to the maximum sentence Appellant would receive was presented to th[e trial] court. As such, th[e trial] court finds that no such agreement existed. Thus, th[e trial] court cannot have abused its discretion by failing to honor the alleged plea agreement.

*Id.* at 13-14, 15, 14, 16 (some footnotes, citations, and unnecessary capitalization omitted).

Based upon our review of the record and the trial court's findings, we conclude that the evidence does not support Appellant's contention that the plea agreement included a maximum aggregate sentence of seven years of imprisonment. Rather, the record shows that Appellant entered an open plea to 18 counts that each allowed for a sentence of up to seven years in exchange for the Commonwealth's dismissal of the remaining charges.

Thus, we agree with counsel that Appellant's claim that the plea agreement was breached when he received a sentence longer than seven years lacks arguable merit.

We next determine whether there is arguable merit to a claim that Appellant's sentences should have merged. Our Supreme Court has offered the background on the doctrine.

> The purpose of the merger doctrine is double jeopardy-based, *i.e.*, to safeguard against multiple punishments for the same act. The test for sentencing merger is the same test utilized to decide whether more than one offense has been committed in the double jeopardy context. …[T]he fact that this Court employs the same analysis in double jeopardy and sentencing merger cases is a function of the Double Jeopardy Clause's prohibition … which protects against both successive punishments and successive prosecutions for the same offense. The United States Supreme Court has explained, however, that [e]ven if the crimes are the same[,] ... if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end.

*Commonwealth v. Davidson*, 938 A.2d 198, 217-18 (Pa. 2007) (footnotes, citations, and quotation marks omitted). The statute governing merger provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765. Accordingly, we examine the elements of the statutes defining the crimes for which Appellant was sentenced.

- 10 -

The statute regarding dissemination of child pornography provided as follows.

> Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S. § 6312(c)(1) (effective January 21, 2003 to September 13, 2009).

The possession of child pornography statute stated the following: "Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S. § 6312(d)(1) (effective January 21, 2003 to September 13, 2009).

The CUCF statute provides that "[a] person commits a felony of the third degree if that person uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony under this title…." 18 Pa.C.S. § 7512(a). "[T]he term 'communication facility' means a public or private instrumentality used or useful in the transmission of signs, signals, writing, images, sounds, data or intelligence of any nature transmitted in whole or in part, including, but not

limited to, telephone, wire, radio, electromagnetic, photoelectronic or photo-optical systems or the mail." 18 Pa.C.S. § 7512(c).

Finally, "[a] person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

The trial court rejected Appellant's merger claims upon the following analysis:

> In this matter, merger is not appropriate. Under CP-35-CR-0000337-2004 [(hereafter case 337)], Appellant was charged and [pled guilty to four counts of dissemination under subsection 6312(c)(1), four counts of possession under subsection 6312(d)(1), and one count of CUCF]. These charges were based on the sexually explicit pictures of minors, namely "hayley016.jpg," "hayley017.jpg," "hayley018.jpg" [and] "felisha13.jpg," that Appellant did send or electronically transmit to Pennsylvania State Police while in an internet chatroom called "100%PreTeenGirlSexPics" [and] that Appellant possessed on his computer hard drives using a cable mode[m] for said uploading and downloading of different photographs.
>
> Under docket number CP-35-CR-0000338-2004 [(hereafter case 338)], Appellant [pled] guilty to eight counts of [attempted dissemination and one count of CUCF] and the remaining thirty charges involving [possession and attempted dissemination] were withdrawn. These charges stemmed from the subsequent search and analysis of Appellant's computer hard drives which showed that Appellant did send or receive and offer to others to upload and download sexually explicit images of children. Appellant's "shared" folder contained seventeen subfolders all of which contained images or movie files of children under the age of 18 engaged in sexually explicit poses or acts. …
>
> Here, the Appellant had multiple different images and videos of minor children engaged in prohibited sexual acts stored in the "shared" folder on his hard drives that he offered out and made available for downloading and uploading over the internet.

> This pornographic material was different from the child pornography that Appellant transmitted to the Pennsylvania State Police electronically. Merger here is not appropriate based on the different factual basis for the charges and individual images. Appellant is not entitled to a "volume discount" for his multiple criminal acts.

Trial Court Opinion, 5/2/2016, at 10-11 (citations, unnecessary capitalization, and repetition of amounts in numerical form omitted; paragraph breaks added). Likewise, counsel in his ***Anders*** brief indicates that merger is not implicated because "[a]ll of the charges require different elements to prove the offense." ***Anders*** Brief at 8.

We begin by noting that "each image of child pornography possessed by an individual [is] a separate, independent crime under Section 6312." ***Commonwealth v. Jarowecki***, 985 A.2d 955, 961 n.10 (Pa. 2009) (citation and quotation marks omitted). Thus, an individual may receive separate sentences for each image of child pornography. ***See Davidson***, 938 A.2d at 218 (affirming imposition of 28 sentences for possession of 28 images of child pornography); ***Commonwealth v. Koehler***, 914 A.2d 427, 439 (Pa. Super. 2006) (affirming 14 separate, consecutive sentences for 14 videos).

Looking at the convictions in case 338, we agree that the merger doctrine is not implicated for Appellant's multiple attempts to disseminate many different images of child pornography. There are separate factual bases and criminal acts for each conviction. Further, Appellant's criminal

use of a communication facility to attempt to disseminate the images was a separate and distinct criminal act with separate elements. Accordingly, there is no arguable merit to the claim that any of Appellant's sentences in case 338 should have merged.

In case 337, Appellant used a communication facility to disseminate four different images of child pornography. The elements of CUCF are not included within the dissemination statute, thus a separate sentence for CUCF was proper. Further, the trial court correctly issued separate sentences to Appellant for each separate picture disseminated. Thus, there is no arguable merit to the claims that the dissemination charges should have merged into each other for sentencing purposes, or that the merger doctrine applied to prohibit a separate sentence for CUCF.

Neither counsel nor the trial court discusses specifically whether Appellant's convictions for possession of the four images at issue in case 337 merged for sentencing purposes with his convictions for dissemination of those images. The record reveals that Appellant received separate, albeit concurrent, sentences for the possession and dissemination of the same four pictures. Examining the language of the subsections of the relevant statute reproduced above, there is certainly an argument to be made that the elements of possession are included within the elements of dissemination, and that the possession charge for each photo should have merged into the dissemination charge for that photo. *See **Commonwealth v. DeLong***, 879

A.2d 234, 237 n.2 (Pa. Super. 2005) ("The crime of simple possession is a lesser-included offense of both possession with the intent to deliver a controlled substance, and delivery of a controlled substance." (citations omitted)).

However, cases also note that each viewing of an image of child pornography revictimizes the child depicted. ***See***, ***e.g.***, ***Commonwealth v. Baker***, 24 A.3d 1006, 1036 (Pa. Super. 2011), *aff'd*, 78 A.3d 1044 (Pa. 2013) (quoting ***Davidson***, 938 A.2d at 219) ("[E]ach image of child pornography creates a permanent record of a child's abuse, which results in continuing exploitation of a child when the image is subsequently viewed."). This suggests that separate sentences for possessing and disseminating an image may be appropriate.

We conclude that the claim that Appellant's dissemination and possession charges in case 337 should have merged for sentencing purposes is not so clearly devoid of merit to warrant classifying this appeal as frivolous. From our review, it appears that counsel is able to put forward good-faith arguments that Appellant is serving an illegal sentence.

Accordingly, we deny counsel's motion for leave to withdraw and remand the case for counsel to file an advocate's brief within 60 days. The Commonwealth may file a brief in response 30 days thereafter.

Petition to withdraw denied. Case remanded with instructions. Panel jurisdiction retained.